IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS DUGAN

        Plaintiff,

v.

MARVIC SUPPLY CO., INC.

        Defendant.

No.

JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff Thomas Dugan files this Complaint against Defendant Marvic Supply Co., Inc., and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I, II and III, which are based upon laws of the United States of America, and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA"); and the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601.

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

1

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2021-04438, on August 3, 2021.

6. On October 27, 2021, the EEOC issued a Notice of Right to Sue, permitting Plaintiff to file his causes of action under the ADA and ADEA.

7. Upon receipt of applicable authority from the Pennsylvania Human Relations Commission, Plaintiff intends to amend this Complaint and assert causes of action for age and disability discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA").

**PARTIES**

8. Plaintiff Thomas Dugan ("Dugan") is an adult male who resides at 543 Foss Avenue, Drexel Hill, PA 19026.

9. Defendant Marvic Supply Co., Inc. ("Marvic") is a Pennsylvania corporation, which operates a principal place of business at 64 E. Swamp Road, Doylestown, PA 18901.

10. At all times relevant hereto, Marvic was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Marvic.

**FACTUAL BACKGROUND**

11. Dugan is 64 years of age.

12. Dugan was employed by Marvic at its Edgemont, PA facility ("the Edgemont Facility") for 20 years until his employment was terminated on March 5, 2021.

13. Prior to Marvic acquiring the Edgemont facility, Dugan worked at the Edgemont facility under the former owner, Wardmar Co., for 14 years.

14. Marvic supplies building materials to professional, residential, and commercial contractors, and remodelers throughout the Delaware Valley. Marvic has seven branches in Pennsylvania, and over 100 employees.

15. Dugan served as a Warehouseman/Receiver with his duties including shipping and receiving; customer service; loading and unloading supplies for roofing, siding, and doors; and inventory control, including computerized input of inventory and materials receipts.

16. Dugan was last paid $22.55 per hour as a full-time employee, and he participated in Marvic's profit-sharing plan.

17. Dugan last received an annual Performance Appraisal on March 11, 2020, covering the period December 2018 through December 2019, in which Dugan received "Exceeds Expectations" ratings, and an increase in his pay rate.

18. Dugan had prostate cancer in 2015, and he suffers from sleep apnea. As a consequence, Dugan is immunosuppressed.

19. During the last year of Dugan's employment, on two occasions, Dugan was asked when he would retire; each time Dugan replied that he had no desire to retire and intended to continue to work for quite some time.

### A.   The Onset Of Covid-19

20. Following the onset of the COVID-19 pandemic, Marvic continued its business operations.

21. Marvic laid off Dugan from April 2020 through June 2020 ("the April Layoff").

22. Dugan was not compensated by Marvic during the April layoff.

23. Marvic received a Paycheck Protection Program ("PPP") loan in the amount of $1.39 million from the United States government which has been fully forgiven.

24. On approximately June 30, 2020, Dugan returned to work, and Dugan worked continuously until November 25, 2020.

25. Throughout the time period June 30, 2020 through November 25, 2000, the Edgemont facility became an increasingly unsafe place to work, as government mandated COVID-19 protocols were not being followed.

26. Marvic's owners, managers, employees, as well as contracted truck drivers, were not wearing masks, and maintaining safe social distancing at the workplace.

27. Many of Dugan's contracted drivers, staff and customers also stated that COVID-19 was "fake."

28. Michael Heisey ("Heisey"), Marvic's General Manager, and his family were infected by COVID-19; Marvic employees were not initially notified of Heisey's infection.

### Dugan's Leave of Absence

29. As a consequence of Dugan's medical condition and the fact that Marvic employees and managers were not observing Covid-19 safety protocols, Dugan feared for his health, and he had no choice but to request a leave of absence.

30. At the same time, Dugan, who worked daytime hours, also indicated that he would be willing to work evening hours when other employees were not present; Dugan was advised that working evenings were not an option.

31. Joseph Zipley ("Zipley"), Edgemont Branch Manager and Operations, approved Dugan's leave of absence beginning November 25, 2020 ("the November 2020 Leave of Absence").

32. Dugan expected to return from the November 2020 Leave of Absence as soon as he received two doses of the Covid-19 vaccine and achieved fully vaccinated status.

33. When Zipley advised Dugan that he was granted the November 2020 Leave of Absence, Zipley advised Dugan that upon his return from the leave of absence, he would still have his job.

34. Marvic did not provide Dugan with any FMLA notification paperwork regarding his request for leave.

35. Marvic did not provide Dugan with any ADA notification or ADA reasonable accommodation paperwork regarding his request for leave.

36. Marvic did not provide Dugan any financial compensation during his November 2020 Leave of Absence.

37. From the time that Dugan requested the November 2020 Leave of Absence, until the termination of Dugan's employment, Marvic did not request any information concerning Dugan's health, or his expected date to return to work.

### C. The Termination of Dugan's Employment

38. In late February 2021, shortly after Dugan was able to secure his first dose of the Pfizer Covid-19 vaccine, Dugan contacted Branch Manager and Operations Manager Zipley and stated that he would be able to return to work as of March 8, 2021.

39. When Zipley and Dugan spoke, Zipley did not advise Dugan that his job was not available.

40. On March 5, 2021, Zipley knocked on the front door to Dugan's home with no notice.

41. On March 5, 2021, Zipley advised Dugan that Marvic had hired a replacement, and that Dugan's services were no longer needed.

42. Dugan was not provided with any reason as to why his employment was terminated.

43. Thereafter, Dugan texted Zipley and asked what the reason for the termination of his employment, Zipley, responded, "Good question."

44. Marvic hired William Feeley ("Feeley") whose age is late 20's, early 30's, to replace Dugan.

45. Feeley was hired two weeks prior to Dugan's termination.

46. Upon information and belief, Feeley has no history of any disability.

47. Prior to hiring Feeley, Marvic made no effort to contact Dugan regarding his expected return to work date

48. The decision to terminate Dugan's employment was based on a desire to terminate an "older" employee, who was perceived as disabled, who expressed concerns about not following COVID-19 safety protocols in the workplace; who had advised Marvic that he was immune-suppressed and suffered from cancer and sleep apnea and was at increased risk for COVID-19 complications.

49. Marvic has not proffered any legitimate reason for the termination of Dugan's employment.

50. Dugan has incurred substantial damages as a consequence of Marvic's conduct, including lost wages and emotional distress.

51. Marvic 's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

**VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008**

**42 U. S. C. §12101, et. seq**.

**DISABILITY DISCRIMINATION**

52. Paragraphs 1 to 51 are incorporated herein as if set forth in full.

53. Dugan has a disability under the ADA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

54. Dugan is/was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer.

55. Marvic was aware of Dugan's disability.

56. Dugan had a record of impairment.

57. Dugan was regarded as having such impairment.

58. Marvic treated Dugan differently than other similarly situated individuals who are, or were not disabled, or whom Marvic did not regard as disabled.

59. In terminating Dugan 's employment, Marvic treated Dugan differently than other similarly situated individuals who did not request a reasonable accommodation in the form of leave from work.

60. Dugan suffered an adverse employment action as a result of the Marvic's discrimination based upon a known disability.

WHEREFORE, Plaintiff Thomas Dugan requests that this Court enter judgment in his favor and against Defendant Marvic Supply Co., Inc., and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary

7

damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT II

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621 et. seq.

61. Paragraphs 1 to 60 are incorporated herein by reference, as if set forth in full.

62. Dugan is over 40 years of age.

63. Marvic is subject to the ADEA.

64. Dugan was/is qualified for the Warehouseman/Receiver job now being performed by Feely.

65. Feeley is substantially younger than Dugan.

66. Dugan suffered an adverse employment decision in the form of the termination of his employment.

67. Defendant Marvic's actions towards Dugan and the decision to terminate Dugan's employment were arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

68. Defendant Marvic's conduct is Marvic is unlawful and constitutes unlawful age discrimination in violation of the ADEA.

69. As a direct result of the aforesaid conduct, Dugan has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Thomas Dugan requests that this Court enter judgment in his

favor and against Defendant Marvic Supply Co., Inc., and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

## COUNT III

## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### 29 U. S. C. § 2601, et. seq.

70. Paragraphs 1 to 69 are incorporated herein as if set forth in full.

71. Dugan was an eligible employee under the FMLA in that prior to the November 2020 Leave of Absence; Dugan was continuously employed for more than twelve months and had at least 1,250 hours of service during the past twelve months.

72. At all times during and after Dugan's employment, Marvic was/is an Employer subject to the FMLA in that it engages in commerce or in any industry or activity affecting commerce and has employed 50 or more employees within a 75-mile radius of Edgemont, PA for each working day during each of 20 or more calendar workweeks in the calendar years 2019 to present.

73. Dugan had a FMLA qualifying reason that necessitated a leave for work.

74. Dugan was entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

75. Marvic initially interfered with Dugan's FMLA rights by not informing him of his FMLA rights.

76. Marvic further interfered with Dugan's FMLA rights by not returning Dugan to the same or a similar position at the same pay on an ongoing basis when he was able to return from FMLA protected leave.

77. Marvic retaliated against Dugan by terminating Dugan's employment in violation of the FMLA.

78. Marvic's actions with respect to Dugan constitute willful violations of the FMLA.

79. Dugan has sustained substantial damages as a result of Marvic's actions.

WHEREFORE, Plaintiff Thomas Dugan requests that this Court enter judgment in his favor and against Defendant Marvic Supply Co., Inc., and that this Court award Plaintiff all damages available and requests that the Court award Plaintiff all monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, interest, costs, and any other relief which the Court deems appropriate.

/S/ Andrew S. Abramson, Ese.
_____

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Thomas Dugan

Dated: November 9, 2021